# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**RICO RAYSHON RAINEY**                                                                                           **PLAINTIFF**

v.                                                                                        **CIVIL ACTION NO. 3:20-cv-511-BJB**

**WHELAN et al.**                                                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Rico Rayshon Rainey, a pretrial detainee of the Louisville Metro Department of Corrections (LMDC), brought this 42 U.S.C. § 1983 action alleging that an LMDC officer used excessive force by placing him in a "choke hold" in violation of the Fourteenth Amendment.  Complaint (DN 1) at 1, 4.  Because Plaintiff failed to exhaust his administrative remedies before filing this lawsuit, the Court grants the motion for summary judgment filed by Defendant Louisville Metro Government (DN 35).

## I.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"[W]here the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quotation and emphasis omitted).  The party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and

that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett v. Myers*, 281 F.3d 552, at 561 (6th 2002) (quotation omitted).

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all § 1983 claims brought by prisoners, including claims asserting an officer's excessive use of force. *See Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999). The exhaustion requirement is not arbitrary or punitive, but instead ensures that prison officials receive "a fair opportunity to address a prisoner's claims on the merits before federal litigation is commenced." *Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017).

To exhaust a claim, a prisoner must proceed through all steps of a prison's or jail's grievance process because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Exhaustion is mandatory and a prisoner's failure to "properly" exhaust bars suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 85, 93 (2006). "Proper exhaustion" requires a plaintiff's full compliance with the "agency's deadlines and other critical procedural rules." *Id*. at 90–91. A prisoner is required "to make affirmative efforts to comply with the administrative procedures," and must "compl[y] with the grievance procedures put forward by his correctional institution." *Mattox*, 851 F.3d at 590. Failure to exhaust under the PLRA is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

## II.

Plaintiff sued two LMDC officers in their official capacities, alleging that they violated his constitutional rights when restraining him with a "choke hold." Complaint at 4. According to the complaint, LMDC Officer Whelan put Plaintiff in a choke hold while Officer "D-write" held his arms. *Id.* Plaintiff alleged that LMDC does not teach officers how to use a choke hold ("rear vascular" hold). On initial review pursuant to 28 U.S.C. § 1915A (DN 8), the Court allowed Plaintiff's claims to continue, noting that Plaintiff's claims against LMDC employees in their official capacities are actually against the entity that employs them, in this case the Louisville Metro Government. Accordingly, Louisville Metro accepted service, engaged in discovery and certified its production (DN 20), and filed the summary-judgment motion now before the Court.

A few weeks later, without having responded to Louisville Metro's summary-judgment motion, Plaintiff filed his own motion for summary judgment (DN 46). The Court ordered him to respond to Louisville Metro's summary-judgment motion, which he did (DN 59). Plaintiff later filed another motion for summary judgment (DN 61), which Louisville Metro has moved to strike (DN 63).[1]

In its summary-judgment motion, Louisville Metro argues, among other things, that Plaintiff failed to exhaust the LMDC grievance process before bringing suit. In Defendants' telling, which is corroborated by video evidence, on February 12, 2020, Officer Whelan placed Plaintiff in a rear vascular restraint after Plaintiff refused to take his medication, refused to

---

[1] Because Louisville Metro has carried its burden of showing that Plaintiff failed to exhaust his administrative remedies, even considering Plaintiff's assertions in and attachments to his motions for summary judgment, the motion to strike Plaintiff's second motion for summary judgment is moot.

follow commands, and resisted efforts to subdue him. LMDC MSJ (DN 35-1) at 2–3; *see* Video (DN 35-4).

The next day, Plaintiff filed a formal grievance complaining of the officers' use of force against him and requesting disciplinary actions against the officers. Grievance (DN 35-7). That grievance stated that Officer Whelan choked Plaintiff and hit him in the face. *Id*. It asserted that the officers' use of force caused a "busted vessel" near the eye, and that the officers violated the Fifth Amendment, Eighth Amendment, and "abuse[d] … [their] power and force." *Id*. And as a remedy, the grievance petition explained that Plaintiff wished to press charges or have the guards disciplined. *Id*.

LMDC Grievance Counselor Shavon Shipley filled out the "Resolution Response Recommendations" portion at the bottom of the grievance form and signed it on February 18, 2020. *Id*. That form denied the grievance for failure to comply with LMDC procedures by "suggest[ing] a specific form of disciplinary action" against "an identified staff member." *Id.* (referencing LMDC Grievance Policy (DN 35-6) at 4–5). Plaintiff signed the bottom of the form but did not check the box indicating that he "wish[ed] to appeal this recommendation to the Director" within the "five … working days" permitted by LMDC grievance procedures. *Id.* (referring to LMDC grievance policy (G)(2)(i)). An affidavit submitted by LMDC Shipley notes that Plaintiff neither filed an appeal nor took any "further action related to his grievance." DN 35-8 at 1–2.

In his response to Louisville Metro's summary-judgment motion, Plaintiff does not argue that he submitted an appeal or that he exhausted his claim through the LMDC process. Response (DN 59). Instead, he explained: "I repeat this again (I sent papers to the Deputy Jailer)[.] Gr[ie]v[a]nce goes no higher th[a]n that." But in reply, Louisville Metro points out that Plaintiff

4

offers no evidence that he complied with the grievance process. DN 60. And in fact, in a letter filed with the Court, Plaintiff suggested to the Court that he viewed *this lawsuit* as an attempt to exhaust his administrative remedies. *See* Letter (DN 6) at 1 ("Prisoners are required to Exhaust All available administrative Remeides Before filing suit. I would like to Exhaust on my new case 3:20-cv-00511….").

Louisville Metro notes that Plaintiff has provided no evidentiary support for his unsworn statement that he "sent papers to the Deputy Jailer," even assuming that satisfied the grievance policy's appeal process. As such, Plaintiff has not rebutted Louisville Metro's showing that he did not exhaust his administrative remedies. *See Evans v. Vinson*, 427 F. App'x 437, 442 (6th Cir. 2011) (holding that *pro se* plaintiff's unsworn response in opposition to motion for summary judgment did not constitute evidence that could be considered in resolving that motion).

The Court has also considered whether Plaintiff offers any arguments or evidence related to the grievance issue in his multiple motions for summary judgment. DNs 46 and 61. Nothing in either motion changes the undisputed fact that Plaintiff failed to exhaust the grievance process. In his first motion, Plaintiff states that "[a]bout a grievance I read the policy Shavon Shipley has[.] [N]o where on the sheet does it say, (you can't say dis[ci]pline) . . . No one talk to 'Rico' about (non grievable)." DN 46 at 2. Plaintiff's statement is not sworn, and in any event, it contradicts the fact that he signed off on the LMDC denial of his grievance, which explained that the denial was issued because the "inmate cannot request any form of disciplinary actions towards staff." DN 35-7. Plaintiff's contention here is with the merits of the initial denial rather than his failure to appeal that denial. Nor does he contend was unable to file an appeal. And, in fact, the grievance form explains how to file an appeal.

5

> In his second summary-judgment motion, Plaintiff states:
>
> > Grievance to Shavon Shipley before I even sign my grievance was a <u>Action to Request</u> to: Shavon Shipley to call [internal] ~~a~~ffair to have the agency investigate. "Her reply was my boss said no. [T]hen I ask Shavon Shipley what shall I do. "She stated grievance/stat[e] what happen. I recieve it from the case worke[r] not Shavon Shipley. I was in the segeragation unit[.] [T]he form was slid under the door. I did not see Shavon for over 30 days.

DN 61 at 1. This statement also is not sworn. Further, the LMDC Inmate Grievance Procedures do not require Plaintiff to have seen Shipley in order to file an appeal.

Finally, the Court notes that if Plaintiff's grievance were in fact non-grievable, Plaintiff would not have been required to exhaust the administrative remedies. *See Owens v. Keeling*, 461 F.3d 763, 769 (6th Cir. 2006). When prisons maintain a "flat rule declining jurisdiction" or denying a prisoner any remedy of any kind, those claims need not be exhausted before a prisoner files suit in court. *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999). But if a prison "has an administrative process that will review a prisoner's complaint" and does not "altogether refuse to review the prisoner's allegations" a "prisoner must exhaust his prison remedies." *Id.* ("The non-grievability of [a claim] through the grievance process makes that remedy unavailable under the PLRA, and thus he does not have to pursue that remedy to exhaust his claim.").

But here, Plaintiff's grievance asserted claims for violations of the Fifth and Eighth Amendments. DN 35-7. The format of his claims, which specified he sought disciplinary action against officers, violated rules governing inmate filings. *See* LMDC Grievance Policy (DN 35-6) at 4–5. So LMDC denied the complaint as non-grievable solely on the basis of the Plaintiff's failure to follow LMDC grievance procedure. DN 35-7. Plaintiff does not contend that LMDC categorically denies constitutional claims as non-grievable, so the PLRA applies and requires exhaustion before suit. *See Wyatt*, 193 F.3d at 879. No genuine issue of material fact exists. No evidence appears in the record that Plaintiff appealed the denial of his grievance in accordance

6

with LMDC's grievance procedures. Louisville Metro has carried its burden to show that Plaintiff did not exhaust his administrative remedies, and no reasonable jurist could find otherwise. *See Risher*, 639 F.3d at 240.

Because the Court concludes that Louisville Metro has met its burden to show that Plaintiff did not fully exhaust his administrative remedies, and because Plaintiff has failed to identify any genuine issue of material fact, the Court **GRANTS** Defendant's motion for summary judgment (DN 35), denies Plaintiff's motions for summary judgment (DNs 46 and 61), and denies Defendant's motion to strike (DN 63).

Date: March 9, 2022

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
　　　Counsel of record
B213.009